OPINION
Defendant-appellant Brian L. Balderson appeals the March 11, 1999 Judgment Entry of the Stark County Court of Common Pleas, overruling his Motion to Withdraw a Guilty Plea pursuant to Crim.R. 32.1. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On August 21, 1998, the Stark County Grand Jury indicted appellant on one count of aggravated vehicular homicide, in violation of R.C. 2903.06, with a specification of being under the influence of alcohol; one count of driving while intoxicated, in violation of R.C. 4511.19(A)(1); one count of failure to comply with order or signal of police officer, in violation of R.C. 2921.331; one count of receiving stolen property, in violation of R.C. 2913.51; and one count of driving under suspension, in violation of R.C.4507.02. The charges arose out of single car accident which resulted in the death of Daniel Heverly, a passenger in a vehicle driven by appellant. The fatal accident occurred when appellant, who was traveling at an excessive rate of speed in an attempt to flee from police, drove the vehicle passed two warning barricades and into a ditch at a construction site, causing the vehicle to flip over onto a backhoe. The trial court appointed Attorney Richard Drake to represent appellant. At his arraignment on August 28, 1998, appellant enter a plea of not guilty to the Indictment. The matter proceeded to trial on September 21, 1998. In the midst of trial, appellant withdrew his plea of not guilty and enter a plea of guilty to the Indictment. The trial court sentenced appellant to a total term of incarceration of 8 1/2 years. The trial court memorialized the change of plea and sentence via Judgment Entry-Change of Plea and Sentence filed September 24, 1998. On March 5, 1999, appellant filed a Motion to Withdraw a Guilty Plea, which the trial court summarily overruled via Judgment Entry filed March 11, 1999. Appellant filed a Notice of Appeal from that Judgment Entry. On June 14, 1999, appellant filed a pro se Merit Brief in this Court.
We begin by noting appellant has failed to comply with App. R. 16 and Local App. R. 9. App. R. 16(A) provides, in pertinent part: The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
* * *
 (3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected. (4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates. (5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below. (6) A statement of the facts relevant to the assignments of error presented for review, with appropriate references to the record * * *
(Emphasis added).
Local App. R. 9(A)(1) requires an appellant to attach a copy of the judgment entry from which the appeal is taken to his brief. Appellant's brief does not satisfy any of the aforementioned requirements; therefore, is noncompliant. Absent minimal compliance with App. R. 16(A), this Court cannot reasonably respond to appellant's claims, and may, in its discretion, disregard those claims. See, Foster v. Board of Elections (1977),53 Ohio App.2d 213, 228. Although we need not review appellant's claims, we are entirely satisfied, based upon our review of the entire record in this matter, the trial court did not abuse its discretion in overruling appellant's motion to withdraw without an evidentiary hearing. Appellant's sole assignment of error is overruled.
The Judgment Entry of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J. Gwin, P.J. and Edwards, J. concurs